UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMAN JUAREZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FORD MOTOR COMPANY,<br><br>　　　　　Defendant. | Case No. 1:25-cv-00307-JLT-CDB<br><br>ORDER DENYING PARTIES'<br>STIPULATED REQUEST TO AMEND<br>THE SCHEDULING ORDER<br><br>(Doc. 17) |

Pending before the Court is the parties' joint stipulated request to amend the scheduling order, filed January 30, 2026 – *after* the deadlines for completing non-expert discovery and to make initial expert disclosures had passed – as follows (Doc. 17-2 at 2):

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Non-Expert Discovery | January 16, 2026 | April 16, 2026 |
| Expert Disclosure | January 23, 2026 | April 23, 2026 |
| Rebuttal Disclosures | February 6, 2026 | May 6, 2026 |
| Expert Discovery | March 6, 2026 | June 5, 2026 |
| Complete Settlement Conference | - | June 12, 2026 |
| Non-Dispositive Motion Filing | March 20, 2026 | June 19, 2026 |
| Dispositive Motion Filing | May 22, 2026 | July 24, 2026 |
| Pre-trial Conference | September 8, 2026 | December 8, 2026 |
| Hearing on Motion to Amend Pleadings | - | December 29, 2026 |
| Jury Trial | November 3, 2026 | February 3, 2027 |

In support of the request, the parties attach the declaration of counsel for Defendant, Sabrina C. Narain. (Doc. 17-1). Counsel declares that the parties have participated in discovery and case evaluation, including written discovery, document review, meet-and-confer efforts, and discussions concerning the scheduling of depositions. At the same time, the parties have been engaged in ongoing settlement discussions which require additional discovery. Counsel represents that party and expert depositions are not yet completed, and that they have experienced difficulty coordinating appropriate dates due to the closure of Defendant's corporate office for the holiday season and, since reopening, the parties have been diligent in completing outstanding discovery. *See id.* at 2-3.

**Discussion**

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id*. (quotation and citation omitted). Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As the Court of Appeals has observed:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders...

*Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified. *Id.* If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co.*, 302

F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

Moreover, in the Eastern District of California, "[r]equests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor." E.D. Cal. Local Rule 144(d). Instead, this Court's local rules require counsel to "seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon *as the need for an extension becomes apparent*." *Id.* (emphasis added). Consistent with these requirements, the operative scheduling order provides: "No motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at least three days before the first deadline the parties wish to extend." (Doc. 13 at 4).

First, the parties filed their stipulated request to continue certain deadlines *after* the deadlines have already passed. This is "the antithesis of diligence" that parties must demonstrate to warrant extending discovery deadlines. *Molesky for J.M. v. Carrillo*, No. 1-22-cv-01567-NODJ-CDB, 2024 WL 266041, at *3 (E.D. Cal. Jan. 24, 2024) (quoting *Jerpe v. Aerospatiale*, No. CIV. S-03-555 LKK/DAD, 2007 WL 781977, at *2 (E.D. Cal. Mar. 13, 2007)).

Second, as to the other proposed case management date extensions, the stipulated request and accompanying declaration of counsel provide only conclusory assertions about the parties' diligence in undertaking discovery without facts demonstrating such diligence; for example, the specific details and timeline of any expert discovery currently completed or pending. Separately, the Court admonished the parties when discovery opened that the case management dates "are considered to be firm" (Doc. 13 at 8) (emphasis in original). Thus, to the extent the parties' reported engagement in settlement discussions (*see* Doc. 17-1 ¶ 5) delayed discovery, it was incumbent on them to manage their time appropriately and anticipate their needs, consistent with the Local Rules and orders cited above, to facilitate a timely request for any needed extensions.

Finally, the parties represent that they experienced challenges in connection with scheduling depositions "due to the closure of Ford's corporate office for the holidays." (Doc. 17-1 ¶ 6). It is unclear what holidays the parties reference. To the extent the parties refer to the winter holidays, it is unclear why, having been directed by the Court to identify in their joint mid-discovery status report any anticipated obstacles to timely completing discovery, the parties did not highlight this in

their joint report filed December 5, 2025.  (*See* Doc. 13 at 3-4; Doc. 14).

For the foregoing reasons, the Court finds the parties have not been diligent and, accordingly, their request to modify the scheduling order will be denied.  *Zivkovic*, 302 F.3d at 1087.

**Conclusion and Order**

Accordingly, the parties' joint stipulated request to amend the scheduling order (Doc. 17) is DENIED.

IT IS SO ORDERED.

Dated:  __**February 2, 2026**__           _____

UNITED STATES MAGISTRATE JUDGE